IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DOYLE LEON HEARD,**
    **Petitioner,**

**v.**                                            **Case No.  3:04cv222/LAC/MD**

**JAMES CROSBY, JR., Secretary**
  **of the Florida Department of Corrections, and**
  **FLORIDA PAROLE COMMISSION,**
      **Respondents.**
_____

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1, Am. Pet.).  Respondent Secretary James V. Crosby has filed a limited response.  (Doc. 22).  Respondent Florida Parole Commission ("FPC") was granted leave to intervene, and has filed an amended response with attachments.  (Doc. 24).[1]  Petitioner has filed an amended reply which incorporates a previous reply.  (Docs. 18, 20 and 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner has not exhausted the remedies available to him in state court. Notwithstanding this failure to exhaust, the court should reach the merits of his claims and deny relief.

---

[1]Also part of the record are the attachments filed in conjunction with respondent FPC's initial response.  (Doc. 17).

## BACKGROUND AND PROCEDURAL HISTORY

On August 4, 1981 petitioner was convicted and sentenced by the Circuit Court of Duval County, Florida to fifteen years imprisonment for Strong Arm Robbery and a consecutive term of fifty years imprisonment for Kidnaping. (Doc. 24, Ex. A).[2] He was released to parole supervision on January 12, 1999, with supervision to continue until October 16, 2037. (Ex. B). Petitioner signed the Certificate of Parole agreeing to the terms and conditions of parole. (*Id.*). He later violated the terms of his parole and, on November 23, 1999, a parole violation warrant issued based on petitioner's absconding from supervision and failure to file written reports. (Ex. C). A follow-up violation report noted that petitioner had been arrested on September 29, 2000 and charged in the Circuit Court of Clay County, Florida, with forgery and resisting arrest without violence. (*See Heard v. Crosby*, 3:04cv212/RV/MD, Doc. 16, Ex. D).[3] In the criminal proceeding relating to the September 29, 2000 arrest, petitioner was found guilty of battery, and on February 13, 2001 was sentenced to one year in the county jail. (Doc. 17, Ex. D). On June 27, 2001 the FPC revoked petitioner's parole supervision after finding that he had violated the terms and conditions of his parole by absconding, failing to report, and committing a new law violation. (Ex. E). The revocation was effective September 29, 2000, the date of his Clay County arrest. (*Id.*).

At an FPC meeting held on December 12, 2001, the FPC established petitioner's presumptive parole release date ("PPRD") to be July 30, 2002. (Ex. F). He was advised that he would be interviewed for an effective parole release date ("EPRD") in April of 2002. (*Id.*). Thereafter, on two occasions the FPC decided not

---

[2] Hereafter, all references to exhibits will be to those attached to Doc. 24, unless otherwise noted.

[3] The court takes judicial notice of its own records in Case Number 3:04cv212/RV/MD, *Heard v. Crosby*. In that case, petitioner claimed that the DOC failed to award him proper gain time; that the DOC failed to restore cancelled provisional credits; and that the FPC revoked his parole on a ground not listed in the original warrant. (*See* 3:04cv212, Docs. 6 (Pet.) and 27 (Report and Recommendation)). In its answer, the FPC filed more extensive portions of the state court record relating to petitioner's parole revocation. (*See id.*, Doc. 16, Exs. A-O). Although not necessary to the adjudication of the instant petition, the additional documents provide helpful background information.

to authorize an EPRD, and extended petitioner's PPRD to July 30, 2003 and then to July 30, 2004. (Ex. G). On April 28, 2004 petitioner received his EPRD interview. (Ex. H). On June 2, 2004 the FPC again decided not to authorize petitioner's EPRD on the grounds that his proposed parole release plan was unsatisfactory and his institutional conduct was unsatisfactory. This time, the FPC extended petitioner's PPRD by 60 months to July 30, 2009. (Ex. I).

On June 14, 2004 petitioner filed a petition for writ of habeas corpus in the Circuit Court of Walton County, Florida, case number 04CA000265, in which he challenged the extension of his PPRD of July 30, 2002, and further claimed that the FPC had granted an EPRD of July 30, 2002 and then unlawfully modified or rescinded it without providing him notice and a rescission hearing. (Ex. J). On October 7, 2004, the Walton County Circuit Court denied the petition. (Ex. K). Petitioner sought appellate review by filing a petition for writ of certiorari in the Florida First District Court of Appeal ("First DCA"), arguing that the lower court departed from the essential requirements of law because the court in its Final Order Denying Petition for Writ of Habeas Corpus adopted portions of the FPC's proposed order submitted with its response. (Ex. L). The First DCA assigned case number 1D04-5334, and issued an Order to Show Cause on January 20, 2005. (Ex. M). The FPC filed its response on or about February 21, 2005. (Ex. N). Petitioner filed a reply on February 26, 2005. (Doc. 25, Ex. B). Respondent asserts, and petitioner does not dispute, that the First DCA has not issued a decision. (Doc. 24, p. 5; Doc. 25). *See also* www.1dca.org, case number 1D04-5334.

Petitioner initiated the instant federal habeas action on May 22, 2004 by filing a petition under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida. (Doc. 1, Pet.).[4] After requiring petitioner to amend his petition to clarify the nature of his claims, the Middle District transferred the case to this District Court. In his amended petition, petitioner identifies two grounds for relief: (1) "failure to conduct rescission hearing on parole grant;" and (2) "denied habeas corpus 'free' of charge." (Doc. 1, Am. Pet.).

---

[4]Petitioner filed his federal habeas petition prior to initiating <u>any</u> state court proceedings.

*Case No: 3:04cv222/LAC/MD*

## DISCUSSION

Respondent argues that the petition should be dismissed for failure to exhaust state court remedies in that although petitioner presented his parole rescission claim in his state habeas petition, he abandoned the claim in his application for review in the state appellate court, arguing instead that the lower court departed from the essential requirements of law because the court in its Final Order Denying Petition for Writ of Habeas Corpus adopted portions of the FPC's proposed order submitted with its response. Alternatively, respondent contends petitioner's parole rescission hearing claim is procedurally defaulted based on the state habeas court's finding that his claim was procedurally barred under state law (the doctrine of laches). Respondent further contends the claims raised in the instant petition are not cognizable on federal habeas review. Finally, respondent contends that even if the court reaches the merits of petitioner's claims, federal habeas relief should be denied because they lack any basis in fact or law--petitioner never had an unelected grant of parole so as to require a parole rescission; therefore a parole rescission hearing was neither required nor possible. (Doc. 24).

In his response petitioner does not dispute that his state court proceedings are still pending. (Doc. 25). Thus, it appears respondent is correct that petitioner has not yet exhausted his state court remedies. The court may reach the merits of his claims, however, notwithstanding petitioner's failure to exhaust. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). For the following reasons petitioner's claims are without merit should be denied.

In his first claim--"failure to conduct parole rescission hearing"--petitioner complains that pursuant to Florida Statutes Section 947.174(6)(B), and Florida Administrative Code sections 23-21-015(9)(A) and 23-21.019(1)(A), the FPC was required to either conduct a parole rescission hearing on or before July 30, 2002, or release petitioner by August 30, 2002. (Doc. 1, Am. Pet, p. 5).

Federal habeas relief is available to correct only constitutional injury.  28 U. S. C. §  2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance.  [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."  *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *Carrizales, supra*).  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). In *Branan v. Booth,* for example, the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Id.* at 1508  (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980)).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair."  *Tejada v. Dugger,* 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly."  *Estelle,* 502 U.S. at 352, 110 S.Ct. 668.  The instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent.

**Under Florida law, a rescission hearing is required only when an EPRD has been granted and then rescinded prior to physical release from prison. FLA.ADMIN.CODE R. 23-21.019. The record conclusively establishes that the FPC did not grant petitioner an EPRD. Petitioner's argument that his EPRD <u>interview</u> created a constitutionally protected "right and interest" because the Agency created a "reasonable expectation of release on that date," is unavailing.**

**In order to establish a violation of the Due Process Clause, a petitioner must have been deprived of a liberty or property interest protected under the Fifth Amendment.** *See American Mfrs. Ins. Co. v. Sullivan*, **526 U.S. 40, 59, 119 S.Ct. 977, 989, 143 L.Ed.2d 130 (1999). Due process interests in the prison setting**

> will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, *see, e.g., Vitek* [*v. Jones*, 445 U.S. 480, 493 (1980)] (transfer to mental hospital), and *Washington* [*v. Harper*, 494 U.S. 210, 221-222 (1990)] (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, **515 U.S. 472, 485, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Alternatively, state-created procedures can give rise to a protected liberty interest for purposes of procedural due process when those procedures place substantive limitations upon official discretion.** *Cook v. Wiley*, **208 F.3d 1314, 1322 (11th Cir. 2000);** *see also Olim v. Wakinekona*, **, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983) (if the relevant statute "places no substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated).**

**In the context of parole, the United States Supreme Court has held that there is no due process right to parole; accordingly, an administrative decision on whether to grant an inmate release on parole, however serious the impact, does not automatically invoke due process protection.** *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, **442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). However, since the due process clause applies when the government deprives a person of a protected liberty interest, due process protections are**

invoked where a statute creates a legitimate expectation of parole. *Id.*, 442 U.S. at 7-8; *Hunter v. Florida Parole & Probation Commission*, 674 F.2d 847, 848 (11th Cir. 1982). However, a statute which provides for the mere possibility of parole does not create a liberty interest protected by due process for the reason that it depends wholly on the unfettered exercise of discretion by a board or other authority. *Greenholtz, supra*. Florida's parole statutes are an example of such statutes, and have been held not to create a legitimate expectation of parole, leaving due process inapplicable to the procedure for granting parole. *Hunter, supra* (citing *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982). Further, as the Eleventh Circuit made plain in *Stanton*:

> Much of the Florida statutory scheme [concerning parole] is written in mandatory terms. That language, however, is qualified by the exercise of the Commission's discretion. The setting of the presumptive parole release date and the decision whether that date is to become the effective parole release date are matters committed ultimately to the discretion of the Commission. Even if the inmate's conduct has been satisfactory, Florida law specifically grants the Commission the power to authorize the effective parole release date or to deny or delay release.
>
> Since the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, no entitlement to or liberty interest in parole is created by the Florida statutes.

*Id.* at 688; *see also Meola v. Dep't of Corrections*, 732 So.2d 1029, 1034 (Fla. 1998) ("In Florida, parole-eligible inmates do not have a legitimate expectation of liberty or right to expect release on a certain date even after they have been given a specific Presumptive Parole Release Date (PPRD).").[5]

Based on the foregoing, the undersigned concludes that refusal to grant an EPRD is within the discretion of the state (the FPC). Thus, petitioner did not have a legitimate expectation of liberty or right to expect release on a certain date even after he was given a PPRD and an EPRD interview. Because petitioner was granted

---

[5]However, once the inmate has actually been granted parole, then the inmate clearly has a legitimate liberty interest which may not be taken without an individualized due process hearing. *See Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

merely an EPRD interview and not an unelected grant of parole, neither state law nor federal law required a parole rescission or hearing.

In petitioner's second claim--"denied habeas corpus 'free' of charge"--petitioner complains that in a prior state habeas action in the Circuit Court of Leon County, Florida, case number 02CA002714, the court improperly "attached a filing fee of $97.50." This does not state a claim cognizable on federal habeas review.

It is well established in the Eleventh Circuit that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state collateral proceedings. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (affirming district court's denial of habeas relief based on state court judge's refusal to recuse himself from the Rule 3.850 hearing, explaining "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam) (concluding § 2254 claim that petitioner's due process rights were violated when state post-conviction court held no evidentiary hearing and failed to attach appropriate portions of record to its opinion "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief").[6]

---

[6]Other circuits agree. *See, e.g., Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.)(denying certificate of appealability on petitioner's claim that he was denied due process when state post-conviction court adopted state's proposed findings and conclusions three hours after they were filed with court, noting that a claim alleging errors in a state post-conviction proceeding does not entitle a petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself), *cert. denied*, 527 U.S. 1056, 120 S.Ct. 22, 144 L.Ed.2d 825 (1999); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (noting established law that "errors concerning [the state post-conviction] process are not cognizable in federal habeas proceedings"), *cert. denied*, 525 U.S. 903, 119 S.Ct. 237, 142 L.Ed.2d 195 (1998); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction , as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (holding that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings:); *Bryant v. Maryland*, 848 F.2d 492 (4th Cir. 1988) (following courts that have determined "claims of error occurring in a state post-conviction proceeding cannot

## CONCLUSION

Petitioner has not exhausted state court remedies with respect to his claims. The court may reach the merits of his claims, however, notwithstanding the failure to exhaust, and should do so because the claims are without merit. The state's failure to conduct a parole rescission hearing did not violate petitioner's due process rights. Petitioner's claim that he was required to pay the filing fee in a state habeas corpus action does not entitle petitioner to federal habeas relief.

Accordingly, it is respectfully RECOMMENDED:

That the amended petition for writ of habeas corpus (doc. 1, Am. Pet.) be DENIED and the clerk be directed to close the file.

At Pensacola, Florida this 13th day of April, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

serve as a basis for federal habeas corpus relief"); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) (holding that § 2254 was not available to challenge "a denial of the sixth amendment right to effective assistance of counsel, a denial of due process, and a denial of equal protection in the State post-conviction proceedings--claims unrelated to his detention").